IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LINDA HORTON**<br><br>**Plaintiff**<br><br>v.<br><br>**HONEIL NELSON, individually, and DIAMOND DIASPORA MEDIA, LLC, a Georgia Limited Liability Company d/b/a AtlantaBlackStar.com, PopularCritic.com, DimeWars.com, and PlanetPit.com**<br><br>**Defendants** | **CIVIL ACTION**<br><br>**FILE NO.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Linda Horton sues Defendants Honeil Nelson and Diamond Diaspora Media, LLC,—demanding trial by jury—to recover unpaid minimum wage compensation, liquidated damages, costs and attorney's fees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, as well as for specific performance of distribution of 15,000 shares of stock in Diamond Diaspora Media, LLC, under Ga. Code Ann. § 23-2-130; breach of contract under Ga. Code Ann. § 13-3-1; and attorney's fees pursuant to Ga. Code Ann. § 13-6-11.

## OVERVIEW

1. Defendants Honeil Nelson and Diamond Diaspora Media, LLC, d/b/a AtlantaBlackStar.com, PopularCritic.com, DimeWars.com and PlanetPit.com ("Defendants" collectively), failed to pay Plaintiff Linda Horton ("Ms. Horton") federally mandated minimum wage in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq*.

2. Defendants also breached the terms of their contract with Ms. Horton under Georgia law by failing to distribute 15,000 shares of stock in Diamond Diaspora, LLC to Ms. Horton upon her completion of one year of work as a copy editor for Defendants.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is predicated under 28 U.S.C. §1331, and the FLSA, 29 U.S.C. §216(b). Supplemental jurisdiction over the state-law claims is predicated under 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391. The cause of action arose in Fulton County, Georgia, in the Northern District of Georgia.

## PARTIES

5. Plaintiff Linda Horton ("Ms. Horton") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. Ms. Horton was employed by Defendants to work in the Northern District of Georgia from January, 2013

through September 2014, and is entitled to the protections of the FLSA under 29 U.S.C. §203(e).

6. Defendant Honeil Nelson ("Mr. Nelson") is a resident of the Northern District of Georgia.

7. Defendant Diamond Diaspora Media, LLC ("Diamond Diaspora") is a Limited Liability Company registered in Georgia and based in the Northern District of Georgia operating at least four websites, AtlantaBlackStar.com, PopularCritic.com, DimeWars.com, and Planetpit.com. AtlantaBlackStar.com is a news and lifestyle website featuring national and local Atlanta news. PopularCritic.com is a news and lifestyle website targeting transcultural women. DimeWars.com is a hip-hop lifestyle website. Planetpit.com is a website dedicated to the hip-hop star "Pitbull".

## FACTUAL ALLEGATIONS

### The FLSA Claim

8. Defendants violated the FLSA by employing Ms. Horton in commerce without compensating Ms. Horton at a rate of at least $7.25 an hour. 29 U.S.C. §§206 and 215(a)(2). Defendant's violations of the FLSA were willful and without justification or excuse under the FLSA. Based on these willful violations, Ms. Horton seeks compensation for underpayment of the minimum wage incurred

within three years of the filing of the complaint as well as liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

9. Mr. Nelson and Diamond Diaspora are "employers" as defined by the FLSA and "engaged in commerce" as defined by the FLSA. 29 U.S.C. §§203(d) and (s)(1). Mr. Nelson determined the terms and conditions of Ms. Horton's employment while she worked for Diamond Diaspora. Mr. Nelson and Diamond Diaspora employed Ms. Horton to edit copy for AtlantaBlackStar.com, which is a website engaged in interstate commerce. Mr. Nelson and Diamond Diaspora's gross revenue exceeded the statutory minimum to be "engaged in commerce" under the FLSA during the periods relevant to this lawsuit.

10. Defendants employed Ms. Horton from January 2013 until September 2014.

11. Defendants hired Ms. Horton to work as a copy editor. Ms. Horton edited articles for AtlantaBlackStar.com, one of Diamond Diaspora's four websites.

12. Defendants misclassified Ms. Horton as an independent contractor.

13. Defendants controlled Ms. Horton's work and the manner in which she completed her work. Defendants determined the shifts Ms. Horton worked. Defendants chose and assigned the stories Ms. Horton edited. Defendants set the

deadlines for Ms. Horton to complete her work. And if Ms. Horton needed to take time off, Ms. Horton had to ask permission from Defendants prior to doing so.

14. Defendants required Ms. Horton to work at least thirty-six hours a week. And Ms. Horton regularly worked the same shifts every week.

15. From January 2013 until June 2014 Defendants paid Ms. Horton $1000 per month or no more than $6.41 per hour.

16. Defendants' failure to pay Ms. Horton at a rate at least equal to the minimum wage was willful.

## The Breach of Contract Claim

17. In order to obtain Ms. Horton's services, Defendants offered to distribute 15,000 shares of stock in Diamond Diaspora Media LLC, to Ms. Horton at the time Ms. Horton completed one year of work as a copy editor. Defendants made this promise both orally and in writing.

18. Ms. Horton accepted Defendants' offer orally, in writing, and by performance.

19. Ms. Horton began working for Defendants on January 2, 2013, and worked for more than one year for Defendants.

20. In breach of the agreement, Defendants have not distributed the promised stock in Diamond Diaspora Media, LLC, to Ms. Horton.

21. Defendants' breach of contract was in bad faith, has caused Ms. Horton unnecessary trouble and expense, and was in disregard to their obligations under Georgia law.

## COUNT I: FAILURE TO COMPENSATE AT A RATE AT LEAST EQUAL TO THE MINIMUM WAGE IN VIOLATION OF FLSA

22. Ms. Horton incorporates by reference paragraphs 1-16 of this Complaint as if set forth fully here.

23. Ms. Horton brings this action to recover unpaid minimum wage compensation under 29 U.S.C. § 206.

24. Defendants did not compensate Ms. Horton at a rate of at least $7.25 per hour required by the FLSA for more than 2800 hours from January 2013 through June 2014.

25. Defendants failed to keep all records required by 29 U.S.C. §211(c) regarding the wages, hours, and other conditions of employment of Ms. Horton for the time-period required by law.

26. Because Defendant's actions were willful, Ms. Horton is entitled to the recovery of her unpaid minimum wage compensation and an additional equal amount in liquidated damages pursuant to 29 U.S.C. §216(b).

27. Ms. Horton is also entitled to recover her attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT IV: SPECIFIC PERFORMANCE PURSUANT TO GA. CODE ANN. § 23-2-130

28. Ms. Horton re-alleges and incorporates by reference Paragraphs 1-7 and 17-21 of this Complaint as if fully set out below.

29. Defendants have the authority to distribute 15,000 shares of stock in Diamond Diaspora Media, LLC, to Ms. Horton.

30. Stock in Diamond Diaspora Media, LLC is a unique commodity otherwise unattainable in the open market and damages recoverable at law are not adequate compensation for nonperformance.

31. Ms. Horton is entitled to specific performance of the promise to distribute to her 15,000 shares of stock in Diamond Diaspora Media, LLC at the completion of one year of service.

32. Such specific performance requires distribution to her at the time of judgment in this case the equivalent number of shares of stock.

## COUNT II: BREACH OF CONTRACT UNDER GA. CODE ANN. § 13-3-1

33. Ms. Horton re-alleges and incorporates by reference Paragraphs 1-7 and 17-21 of this Complaint as if fully set out below.

34. Defendants promised to provide Ms. Horton with 15,000 shares of Diamond Diaspora Media, LLC, upon Ms. Horton's completion of one year of work as a copy editor for Defendants. The mutual assent was memorialized in writing.

7

35. Ms. Horton completed one year of work as a copy editor for Defendants on January 2, 2014.

36. Defendants have breached their contract with Ms. Horton because they have not distributed 15,000 shares of stock in Diamond Diaspora Media, LLC, to Ms. Horton.

37. Defendants' breach of contract has caused damage to Ms. Horton.

## COUNT III: RECOVERY OF ATTORNEYS FEES PURSUANT TO GA. CODE ANN. § 13-6-11

38. Ms. Horton re-alleges and incorporates by reference Paragraphs 1-7, 17-21, and 33-37 of this Complaint as if fully set out below.

39. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Horton unnecessary trouble and expense, thereby entitling her to attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Ms. Horton demands a TRIAL BY JURY and the following relief:

 (a) An award to her of the minimum wage compensation she is owed;

 (b) An award to her of liquidated damages for Defendants' willful violations of the FLSA's minimum wage provisions;

 (c) Reasonable attorney's fees and costs under 29 U.S.C. §216(b);

(d) Specific performance of the distribution of 15,000 shares of Diamond Diaspora Media, LLC under Ga. Code Ann. § 23-2-130;

(e) Or monetary damages for breach of contract:

(f) Reasonable attorney's fees and costs under Ga. Code Ann. § 13-6-11; and

(g) Such other relief as this Court finds just and proper.

Respectfully submitted this 2nd day of December, 2014.

/s/ Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
Daniel B. Millman
Georgia Bar No. 603728
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL: 404-496-5430
morgan@morganlawpc.com
millman@morganlawpc.com
*Counsel for Plaintiff*