IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LINDA HORTON** | |
| **Plaintiff** | **CIVIL ACTION FILE NO.:** |
| v. | 1:14-cv-03839-LMM |
| **HONEIL NELSON, individually, and DIAMOND DIASPORA MEDIA, LLC, a Georgia Limited Liability Company d/b/a AtlantaBlackStar.com, PopularCritic.com, DimeWars.com, and PlanetPit.com** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## MOTION TO APROVE AND ENFORCE SETTLMENT AGREEMENT

Plaintiff Linda Horton, by and through undersigned counsel, moves this Court to enforce the parties settlement of this lawsuit.

In support of her motion, Ms. Horton offers correspondence among counsel demonstrating the offer and acceptance of settlement terms, the original proposed settlement agreement offered by Defendants' counsel, the modifications to that agreement made by the undersigned to bring the agreement in line with the requirements for settlement of Fair Labor Standards Act litigation, and the sequence of mostly unanswered correspondence from plaintiff's counsel to defense

1

counsel attempting to bring the matter to conclusion. Having failed to receive a response, Plaintiff brings this motion.

## PROCEDURAL HISTORY

Plaintiff filed this action on December 2, 2014. (ECF No. 1). Defendants filed an Answer on March 11, 2015. (ECF No. 7). The parties filed a joint report and proposed scheduling order on April 10, 2015. (ECF No. 8). Plaintiff filed her Amended Complaint on April 10 (ECF No. 9), as well as her initial disclosures (ECF No. 10). The Court issued a scheduling order on April 13, 2015. (ECF No. 11). Not until May 8, after correspondence from Plaintiff's counsel did Defendants file their Answer to the Amended Complaint (ECF No. 13) and initial disclosures (ECF No. 14).

The parties have continuously discussed settlement from the inception of the litigation. However, it was not until June, that Ms. Horton substantially lowered her demand from seeking full compensation for the value of the stock promised as well as minimum wages owed and/or statutory damages pursuant to Internal Revenue Code, 26 U.S.C. § 7434(a). Ms. Horton made that decision after becoming concerned about her ability to collect from the Defendants.

Thus, in email correspondence dated June 10, 2015, Ms. Horton accepted Defendants offer of $4,000 for the underlying claim and $2,000 for attorney's fees. A true and correct copy of that email and related emails is attached as Exhibit A.

On June 25, 2015, counsel for Defendants emailed a proposed settlement agreement to the undersigned, which was returned in redline that same day. A copy of the email correspondence is attached as Exhibit B. A copy of the redlined settlement agreement is attached as Exhibit C.

Plaintiff moves for the court's approval and enforcement of Exhibit C with the changes included in redlined form.

"Under federal law, a district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens and S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract," which is evaluated under the standards similar to a motion for summary judgment. *Id.* at 1122; *Cohen v. DeKalb County School Dist.*, No. 1:09-cv-1153-WSD, 2009 WL 4261161, *4 (N.D. Ga. Nov. 25, 2009).

"The construction and enforcement of settlement agreements are governed by principals of the state's general contract laws." *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Under Georgia law, "[s]ettlement agreements must meet the

same requirements of formation as other contracts." *Turner v. Williamson*, 321 Ga. App. 209, 738 S.E.2d 712, No. A12A2534, 2013 WL 764657, *3 (Feb. 28, 2013). "An offer may be accepted . . . either by a promise to do the thing contemplated therein, or by the actual doing of the thing." *Hansen v. Doan*, 320 Ga. App. 609, 740 S.E.2d 338, No. A12A1988, 2013 WL 1150623, *3 (Mar. 21, 2013).

"In determining if the parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent." *Hansen*, 2013 WL 1150623 at *3. "In making that determination, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was mutual assent to an agreement, and courts are free to consider such extrinsic evidence." *Id.*

Under the evidence in this case, the correspondence among counsel, there was an agreement to resolve the case on specific monetary terms in a form that would be approved by the Court. Under Georgia law, a client is bound by his attorney's acceptance of an offer to settle a lawsuit. *See Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir.1999); *Goss v. Cone*, 200 Ga. App. 259, 261, 407 S.E.2d 484, 486 (1991).

The settlement agreement proposed by Defendants contained terms that counsel for Plaintiff did not believe would meet with Court approval as it equivocated about the Defendants agreement to make payment, hence the revisions in redline.

The undersigned believes the settlement terms otherwise meets this Court's requirements and those set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Plaintiff has estimated her hours and represents to the court that the sum offered in the agreement brings her compensation up to minimum wage.

Plaintiff requests that the court approve and enforce the parties settlement agreement in the form attached hereto as Exhibit E, which represents a clean copy of Exhibit C.

Wherefore, Plaintiff respectfully requests that the Court:

1) grant this motion to approve and enforce the parties settlement in the form attached hereto as Exhibit E; and
2) retain jurisdiction to further enforce performance of payment under the agreement.

Respectfully submitted this 17th day of July, 2015.

        Respectfully submitted,

        <u>/s/Elizabeth Ann Morgan</u>
        Elizabeth Ann Morgan
        Georgia Bar No. 522206
        THE MORGAN LAW FIRM P.C.
        260 Peachtree Street
        Suite 1601
        Atlanta, Georgia 30303
        TEL: 404-496-5430
        morgan@morganlawpc.com
        *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LINDA HORTON**<br><br>   Plaintiff<br><br>v.<br><br>**HONEIL NELSON, individually, and DIAMOND DIASPORA MEDIA, LLC, a Georgia Limited Liability Company d/b/a AtlantaBlackStar.com, PopularCritic.com, DimeWars.com, and PlanetPit.com**<br><br>   Defendants. | **CIVIL ACTION FILE NO.:**<br><br>**1:14-cv-03839-LMM**<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2015, I filed the **MOTION TO APPROVE AND ENFORCE SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Tiffini C. Bell
The Law Office of Tiffini C. Bell, LLC
201 17th St. NW
Suite 300
Atlanta, Georgia 30363
Telephone: (678) 723-5501
tcblawoffice@gmail.com

7

/s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL: (404) 496-5430
morgan@morganlawpc.com
*Counsel for Plaintiff*